**SO ORDERED.**

# TIFFANY & BOSCO
P.A.

2525 EAST CAMELBACK ROAD SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192

**Dated: December 30, 2009**



_____
**REDFIELD T. BAUM, SR**
**U.S. Bankruptcy Judge**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

08-67196 / 1205306397

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: | No. 2:08-bk-16596-RTB |
| Ruben A. Gomez and Rocio A. Dozier-Gomez<br>Debtors. | Chapter 13 |
| U.S. Bank National Association, as Trustee on behalf of GSR Mortgage Loan Trust 2007-3F | EXPARTE ORDER TERMINATING THE AUTOMATIC STAY FOR FAILURE TO CURE PURSUANT TO THE TERMS OF THE ADEQUATE PROTECTION ORDER |
| Movant,<br>vs. | |
| Ruben A. Gomez and Rocio A. Dozier-Gomez, Debtors; Edward J. Maney, Trustee. | |
| Respondents. | |

Pursuant to the Order entered on November 13, 2009, attached hereto as Exhibit "A", and by this reference incorporated herein, the above-referenced Debtors; were obligated to make specified payments which they have failed to make.

The Debtors have failed to comply thereby necessitating a written Notice of Default.

Attached hereto as Exhibit "B" is a copy of the Notice of Default.

Based on the failure to cure the contractual agreement of the parties, the prior court order and good cause appearing:

IT IS HEREBY ORDERED that the Automatic Stay is the above-entitle Bankruptcy case is immediately extinguished for all purposes as to Secured Creditor, U.S. Bank National Association, as Trustee on behalf of GSR Mortgage Loan Trust 2007-3F and U.S. Bank National Association, as Trustee on behalf of GSR Mortgage Loan Trust 2007-3F may exercise whatever state law or contractual rights it may have regarding the property generallydescribed as: 2605 W. Summit Pl. Chandler, AZ 85224 ("Property" herein) and legally described as:

Lot Three Hundred Eighty (380), Carriage Lane VIII, according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, recorded in Book 206 of Maps, page 16.

IT IS FURTHER ORDERED U.S. Bank National Association, as Trustee on behalf of GSR Mortgage Loan Trust 2007-3F and/or its successors and assigns may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

IT IS FURTHER ORDERED that all conditions of the adequate protection order regarding conversions are binding and are hereby affirmed in this Order as well.


DATED this _____ day of _____, 2009.



_____
UNITED STATES BANKRUPTCY JUDGE

**SO ORDERED.**

**TIFFANY & BOSCO**
P.A.

**Dated: November 13, 2009**

2525 E. CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192

_____
**REDFIELD T. BAUM, SR**
**U.S. Bankruptcy Judge**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

08-67196/1205306397

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

IN RE:

Ruben A. Gomez and Rocio A. Dozier-Gomez
        Debtors.
_____
U.S. Bank National Association, as Trustee on
behalf of GSR Mortgage Loan Trust 2007-3F


        Movant,
    vs.

Ruben A. Gomez and Rocio A. Dozier-Gomez,
Debtors; Edward J. Maney, Trustee.

        Respondents.

No. 2:08-bk-16596-RTB

Chapter 13

    (Related to Docket # 33)

**ORDER APPROVING
STIPULATION REGARDING
MOTION FOR RELIEF**

IT IS HEREBY ORDERED by and between the parties herein, through counsel undersigned,

that all stays and injunctions, including the automatic stays under U.S. Bankruptcy Code Section 362(a),

are hereby vacated with respect to the real property which is the subject of the Deed of Trust recorded

May 1, 2006, at Recorders No. 20060577632, in the records of the Maricopa County, Arizona Recorder's Office, wherein Ruben A. Gomez and Rocio A. Dozier-Gomez, are designated as trustors and U.S. Bank National Association, as Trustee on behalf of GSR Mortgage Loan Trust 2007-3F is the current beneficiary, which Deed of Trust encumbers the following described real property:

> Lot Three Hundred Eighty (380), Carriage Lane VIII, according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, recorded in Book 206 of Maps, page 16.

IT IS FURTHER ORDERED that the debtors will cure the post-petition arrearages currently due as follows:

| | |
|---|---|
| 3 MONTHLY PAYMENTS AT $1,515.07 (June 1, 2009 thru August 1, 2009) | $ 4,545.21 |
| 2 LATE CHARGES at $66.99 EACH (June 16, 2009 thru August 16, 2009) | $ 200.97 |
| BANKRUPTCY ATTORNEYS FEES AND COSTS | $ 950.00 |
| Less Debtor Suspense Balance of | <204.26> |
| TOTAL AMOUNT OF POST PETITION DEFAULT | $ 5,491.93 |

1.      The total arrearage above of $5,491.93 shall be paid in 6 monthly installments of $915.32.  These payments shall be in addition to the regular monthly payment and shall be due on or before the 15th day of the month commencing with the September 15, 2009 payment and continuing throughout and concluding on or before February 15, 2010.  No payment shall be deemed late provided payment is received within 10 days of entry of this Order.

2.      In addition to the payment listed in Paragraph 1, the Debtor will make the regular post-petition payment due **September 1, 2009 for $1,515.07,** which shall be made when due, and all subsequent payments shall be made when due.

IT IS FURTHER ORDERED that U.S. Bank National Association, as Trustee on behalf of GSR Mortgage Loan Trust 2007-3F as the current beneficiary under the above described Deed of Trust, agrees not to conduct a Trustee's Sale or judicial "foreclosure" on its Deed of Trust, so long as the terms of this Stipulation are complied with. In the event of default in making any payments described herein Secured Creditor is permitted, in its discretion, to conduct a Trustee's Sale, judicial foreclosure, or take whatever other actions necessary to protect their interest in the above legally described property upon giving written notice of such default to Debtors, Debtors' Counsel and Trustee and Debtors' failure to cure such default within fifteen (15) days of the date of such notice. In the event said default is not cured within said fifteen (15) day period, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the Plan.

IT IS FURTHER ORDERED that if a default notice becomes necessary, Debtors will be charged $150.00 for fees and costs associated with handling the curing of the default, to be paid together with the defaulted payment and late charge. Debtors shall tender the default payment, late charge and the additional $150.00 fee for attorney's fees and costs, as set forth above, in the form of a cashier's check or money order, made payable to Movant. If the defaulted payments are not received by Movant, together with the late charge and the $150.00 default fee, within fifteen days after the default notice was sent, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the plan.

IT IS FURTHER ORDERED that if Debtor' Bankruptcy Case No. 2:08-bk-16596-RTB is dismissed, either voluntary or involuntary, for any reason, this Order will become null and void and U.S. Bank National Association, as Trustee on behalf of GSR Mortgage Loan Trust 2007-3F, and after such

dismissal, may, in its discretion, conduct a Trustee's Sale or judicial "foreclosure" on its Deed of Trust or take whatever other actions necessary to protect their interest in the above legally described property.

IT IS FURTHER ORDERED that in the event of conversion by the Debtor to any other bankruptcy chapter, the repayment portion of this Order shall become null and void, except that the portion of this Order vacating the automatic stay under U.S. Bankruptcy Code Section 362 (a) shall remain in full force and effect.

IT IS FURTHER ORDERED that any hearings scheduled in the matter are vacated.

DATED this _____ day of _____ 2009.


_____
UNITED STATES BANKRUPTCY COURT

# Exhibit "B"

## TIFFANY & BOSCO
### P.A.

**2525 EAST CAMELBACK ROAD**
**SUITE 300**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

08-67196/1205306397

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: | No. 2:08-bk-16596-RTB |
| Ruben A. Gomez and Rocio A. Dozier-Gomez<br>Debtors. | Chapter 13 |
| _____ | NOTICE OF DEFAULT |
| U.S. Bank National Association, as Trustee on<br>behalf of GSR Mortgage Loan Trust 2007-3F | RE:  Real Property Located at<br>2605 W. Summit Place<br>Chandler, AZ 85224 |
| Movant,<br>        vs. | |
| Ruben A. Gomez and Rocio A. Dozier-Gomez,<br>Debtors; Edward J. Maney, Trustee. | |
| Respondents. | |

U.S. Bank National Association, as Trustee on behalf of GSR Mortgage Loan Trust 2007-3F

secured creditor, (hereinafter referred to as "Secured Creditor"), by its attorneys TIFFANY & BOSCO,

P.A., hereby files this Notice of Default in the above-captioned case, and avers as follows:

        1.        An Order was entered on November 13, 2009 which provides for the lifting of the stay

imposed by Section 362(a) of the U.S. Bankruptcy Code with respect to that certain Deed of Trust

recorded in the records of the Maricopa County, Arizona Recorder's Office, which encumbers the following real property:

Lot Three Hundred Eighty (380), Carriage Lane VIII, according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, recorded in Book 206 of Maps, page 16.

A Copy of said Order is attached hereto as Exhibit "A".

2.    As of the date of this Notice of Default, the Debtors are not made the payments as required by the aforementioned Order.  The Debtors are presently past due as follows:

| | |
|---|---|
| 4 Monthly Payments(s) at $1,515.07 | $6,060.28 |
| (September 1, 2009 - December 1, 2009) | |
| 3 Monthly Payments(s) at $915.32 | $2,745.96 |
| (September 15, 2009 - September 15, 2009 | |
| Attorneys Fees | $150.00 |
| Accrued Late Fees | $200.97 |
| Total | $9,157.21 |

**PARTIAL TENDERS WILL NOT BE ACCEPTED**

4.    Notice is hereby given to the Bankruptcy Court, Debtors, counsel for Debtors, and Trustee, that unless debtor' default under the terms of the Stipulation and Order is cured not later than fifteen (15) days from date of this Notice, that Movant will proceed, pursuant to the Court's Order lifting the stay, to conduct a Trustee's Sale or mortgage foreclosure, in its discretion, with respect to the above-described Deed of Trust.

DATED this 8th day of December, 2009.

TIFFANY & BOSCO, P.A.

By  /s/ MSB # 010167
   Mark S. Bosco
   Leonard J. McDonald
   2525 East Camelback Road
   Suite 300
   Phoenix, Arizona 850165
   Attorneys for Movant

*If the Debtor cures the default prior to the date of expiration this amount may be different.